Nunzio Peluso *vs.* Michael De Pasquale.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.
Argued December 4th, 1935—decided January 8th, 1936.

*A. Storrs Campbell,* with whom was *Anthony M. Tapogna,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

PER CURIAM. The basis of the decision of the trial court in favor of the defendant was that the negligence of the plaintiff was the sole proximate cause of the accident. The plaintiff, a fourteen year old boy, was proceeding upon a "scooter" across Front Street in the city of Hartford when he was struck by an automobile driven by the defendant, and suffered the injuries to recover for which the action was brought. The car was being driven in a southerly direction at a speed of twenty-five to thirty miles an hour. The plaintiff was proceeding at a fast rate of speed from the west to the east side of the street, in a course inclining somewhat to his left. The accident occurred in the evening and the lights on the defendant's car were lighted. The trial court has found that the plaintiff did not look to see whether or not any cars were approaching before he started to cross the street and the plaintiff attacks this finding. There was testimony that he did look and none that he did not; the finding of the trial court is evidently an inference from its other finding that the plaintiff might have seen the approaching car had he looked but he did not see it until the time of the accident. Whether this inference is one which the court could reasonably draw is not of consequence, because the court evidently did not believe the testimony that he did look, and striking out the finding attacked would leave a situation where there was no finding that he

did look; and the result would be that, as the burden was upon him to prove his lack of contributory negligence, the trial court could properly proceed upon the assumption that he did not look. In any event, while there were some cars parked on the west side of the street, from the time the plaintiff had reached a point beyond them, there was certainly nothing to interfere with his seeing the car, and his course was such that he was somewhat turned in the direction from which it was approaching. When the defendant saw the plaintiff he swerved his car to the left to avoid him and applied his brakes, but the car struck the plaintiff when he was about two feet from the easterly curb of the street. The case is not one where the plaintiff, seeing the car approaching, assumed that he could cross in safety in front of it or one where, confronted by an emergency created by its approach, he chose to try to avoid a collision by continuing on his way. The trial court might well conclude that reasonable care required of him that after he had reached a point in the street beyond the parked cars, he should not have proceeded oblivious of any traffic upon a course which the trial court has found he knew to be dangerous, and that had he looked and seen the car he might have avoided the accident. The conclusion of the trial court that the plaintiff was guilty of negligence which proximately caused the accident was one which it could reasonably reach.

There is no error.